IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INGENIOUS BUSINESS SOLUTIONS, INC. d/b/a INGENIOUS TECH SOLUTIONS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 18-06591 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this putative class action for violation of the Telephone Consumer Protection Act, defendant moves to dismiss the complaint. For the following reasons, defendant's motion is **DENIED**.

## STATEMENT

Beginning in April 2015, defendant Ingenious Business Solutions made four phone calls to plaintiff Abante Rooter and Plumbing in an attempt to solicit business. The four calls were spread out over nearly two years, with the first call in April 2015, followed by calls in July 2016, August 2016, and October 2017. Each call was made to a cellular phone owned by Abante and made using an automatic telephone dialing system, evidenced by the use of a

prerecorded voice or a pause at the beginning of the call before transferring to a live agent. Abante had never given prior express consent for these solicitation calls and the calls were not for emergency purposes (First Amd. Compl. ¶¶ 8–10, 12–14).

According to the complaint, the calls were from "field agents" Martin Luther, Lucy, and Tom Roger who identified themselves as representatives of Ingenious. Two of those agents, Martin Luther and Tom Roger, followed up by sending emails, attached to the complaint, which described the offered services in greater detail. Both of the emails, however, indicated that the agents also represented another entity, K-Max IT Professionals, and not just Ingenious. Abante alleges that K-Max is Ingenious and appended to the complaint a screenshot of the K-Max website that shows the K-Max website redirecting to the website for Ingenious (First Amd. Compl. ¶ 11, Exhs. A–B).

Abante, on behalf of a putative class, alleges violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act (TCPA). Abante brings two claims under Section 227(b). One claim for negligent violation of the TCPA and another for willful violation of the TCPA. Abante alleges that it suffered from an invasion of privacy and was harmed by charges and reduced telephone time stemming from the unsolicited phone calls. Ingenious moves to dismiss all claims under Rule 12(b)(1) for lack of standing or alternatively under Rule 12(b)(6) for failure to plead the necessary elements of a TCPA claim. Ingenious also requests judicial notice of five exhibits in support of its motion to dismiss (First Amd. Compl. ¶¶ 24, 31–38; Mot. 4–5; RJN at 2–3).

**ANALYSIS**

1. **STANDING.**

Ingenious asserts that Abante lacks Article III standing because Abante failed to allege a concrete injury. A challenge to standing is properly raised in a Rule 12(b)(1) motion to dismiss, because standing pertains to a court's subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). A party challenging a court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge by "assert[ing] that the

allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Since Ingenious asserts that Abante cannot claim an invasion of privacy as a concrete injury because Abante is a California corporation and corporations do not have a right to privacy in California, Ingenious brings a facial attack. As such, the court must accept the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

"[T]he irreducible constitutional minimum of" Article III standing contains three elements: "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]he injury-in-fact requirement requires a plaintiff to show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical." *Ibid.* (citation and quotations omitted).

It is an open question whether a California corporation can claim an invasion of privacy to establish standing. Assuming, without deciding, that a California corporation like Abante cannot claim an invasion of privacy to establish standing, Abante still has sufficiently alleged a concrete injury to satisfy Article III standing. More specifically, Abante sufficiently alleged that it incurred a charge for the unwanted incoming calls and that the unwanted calls reduced the amount of telephone time available to plaintiffs. Not only that, employee or owner time was wasted in handling the unwanted calls.

In *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017), our court of appeals held that "a violation of the TCPA is a concrete, *de facto* injury" and that a "plaintiff alleging a violation of the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" Furthermore, the "vast majority of courts that have addressed this question, have concluded that the invasion of privacy, annoyance, and wasted time associated with robocalls is sufficient to demonstrate concrete injury." *Abante Rooter and*

*Plumbing, Inc. v. Pivotal Payments, Inc.,* 2017 WL 733123, at *6 (N.D. Cal. Feb. 24, 2017) (Chief Magistrate Judge Joseph C. Spero) (collecting cases).

Here, in alleging a violation of the TCPA, alleging that it incurred charges for the unwanted calls, and alleging that the calls resulted in reduced, usable telephone time for plaintiff, Abante has alleged a concrete injury sufficient for standing.

### 2. JUDICIAL NOTICE.

A court may judicially notice a fact that is "*not subject to reasonable dispute*" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rules of Evidence 201(b) (emphasis added). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Here, Ingenious requests five exhibits to be judicially noticed (Exhibits A–E). These documents were not referenced in the operative complaint, so to be considered, they must be appropriate for judicial notice. Exhibits B, D, and E pertain to public records and so are appropriate for judicial notice. Exhibit B provides the incorporation records for K-Max IT Professionals showing that it was incorporated in September 2011 and dissolved in November 2016. Exhibit D depicts Ingenious' Articles of Incorporation filed with the California Secretary of State, including a stamp indicating that it was filed in August 2013. Exhibit E shows a Fictitious Business Name Filing Statement filed in Alameda County in December 2016. All are public records whose accuracy cannot reasonably be disputed, so the request for judicial notice as to Exhibits B, D, and E is **GRANTED**.

Exhibit A is a list of the forty-nine TCPA cases filed in California by plaintiff, and Exhibit C depicts a Wikipedia page for area code 973, which identifies it as a New Jersey area code. These documents are not necessary for resolving the motion to dismiss, so the request for judicial notice as to Exhibits A and C is **DENIED AS MOOT**.

4

### 3. ELEMENTS OF THE TCPA.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). At the pleading stage of a TCPA case, a plaintiff need only allege facts supporting a plausible inference that the defendant is responsible for the illegal calls that the plaintiff allegedly received on its cellular telephones. *See Morris v. SolarCity Corp.*, 2016 WL 1359378, at *2 (N.D. Cal. Apr. 6, 2016) (Judge Richard Seeborg). Ingenious asserts that Abante failed to plausibly allege the first element, that Ingenious, and not K-Max, called the cellular phone number.

Ingenious' challenge rests on a factual contention regarding who made the four phone calls in question. Ingenious claims that K-Max made the calls, not Ingenious. For support, Ingenious points to the fact that the first call, in April 2015, preceded the registration of the fictitious business name, Ingenious Tech Solutions. In addition, Ingenious suggests that K-Max and Ingenious are wholly separate entities by pointing out that K-Max was incorporated in South Carolina, while Ingenious was incorporated in California, and by asserting that the entities have different owners.

These factual contentions, especially at the pleading stage, fall far short of dooming the plausibility of Abante's complaint. While Ingenious did file for a fictitious business name in 2016, Ingenious' own judicially-noticed documents show that it was incorporated in 2013, before the first unsolicited call. It is certainly plausible that Ingenious made the phone call after incorporation but before registering the fictitious business name. Furthermore, the fact that the two business entities were incorporated in different states does not negate the possibility that both entities could have been directed by the same individuals. And, Ingenious never actually establishes that Ingenious and K-Max have different owners, as it claims. Ingenious identified

the owner of K-Max as Sai Tirucovelluri, but failed to identify the owner of Ingenious (Mot. 7; RJN, Exhs. B, D).

Ingenious also points out that both emails following the calls are from the domain kmaxdesigns.com, not ingenious.com. Attached to the complaint, however, are two documents that plausibly link the two entities. Exhibit A, attached to the first amended complaint, shows an email from tom@kmaxdesigns.com that includes in the signature line: "Email: tom@genioustech.com/tom@kmaxdesigns.com" and "Web: www.genioustech.com." Exhibit B, also attached to the operative complaint, shows a web page that clearly states "K-Max It Professionals [is] now INGenious Tech Solutions." Abante also sufficiently alleged that the "individuals identified themselves as being representatives of Defendant's business" (Compl. ¶ 11, Exh. B). At this stage, taking the pleadings as true and construing them in the light most favorable to the nonmoving party, Abante has sufficiently pled the elements of a TCPA violation. In a Rule 12 motion, it is not the plaintiff's burden to perfectly allege the relationship between two entities that are plausibly related. Abante has satisfied its burden by alleging that Ingenious was directly or vicariously responsible for the phone calls, and providing links between Ingenious and K-Max that, when construed favorably, show that Ingenious could have plausibly made the phone calls in question.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE